76 F.3d 394
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Courtney J. VAN RIPER, Plaintiff-Appellant,
v.
Captain William LONG; Gary Harley, Defendants-Appellees.
 No. 95-8029.
 United States Court of Appeals, Tenth Circuit.
 Jan. 25, 1996.
 
 Before PORFILIO, KELLY, and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT[1]
 PORFILIO, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Courtney Van Riper appeals from an order granting defendants summary judgment, dismissing his 42 U.S.C.1983 complaint, and restraining him from further like filings without first obtaining leave of court. We affirm the grant of summary judgment, but reverse and remand the injunction against further filings.
 
 
 3
 At all relevant times, plaintiff was incarcerated in the Laramie County Detention Center (LCDC). Defendant William Long was a captain in the Laramie County Sheriff's Department and the LCDC facility administrator. Defendant Gary Harley was a correctional/detention officer at LCDC.
 
 
 4
 On April 23, 1993, LCDC instituted a policy whereby inmates desiring notarial services were required to submit their documents to LCDC legal counsel to assure that the correct notarization form was being used. LCDC's position was that a form requiring the notary to place the signatory under oath prior to signature did not comply with Wyoming statutory requirements. Defendants deny that they or their legal counsel reviewed the substantive content of inmate documents. The policy was revised on May 3, 1993, to provide that legal counsel no longer would review each document to see that the notarization form was correct.
 
 
 5
 On April 28, 1993, plaintiff requested notarization of a habeas corpus petition. LCDC denied the request because the document contained a notarization form that did not comply with the policy. On April 29, 1993, he requested notarization of an affidavit for leave to proceed in forma pauperis in the Wyoming Supreme Court. This request was returned without being acted on for no apparent reason. Plaintiff did not resubmit either document with an acceptable notarization form.
 
 
 6
 On May 6, 1993, plaintiff requested that $1.80 be deducted from his account and mailed to the district attorney to obtain copies of a police report. While defendant Harley initially denied the request on the ground that the district attorney's office stated plaintiff would have to contact his attorney for the information, it was determined this information was based on a miscommunication. The $1.80 was paid on May 11, and plaintiff was mailed the documents that same day.
 
 
 7
 Plaintiff filed a complaint under 42 U.S.C.1983, alleging the above-described actions violated his rights to petition the courts for redress, to due process, and to self-representation. The parties filed cross-motions for summary judgment. A magistrate judge recommended that defendants' motion be granted. The district court adopted the magistrate judge's findings and conclusions and granted defendants' motion for summary judgment. It also found that plaintiff was a well-known "writ-writer," skilled in harassing the courts with meritless complaints, who should be restrained from further filings without first obtaining leave of court. It therefore restrained plaintiff from any further like filings in that court without first obtaining leave of court.
 
 
 8
 We review the grant of summary judgment de novo, applying the same standard as the district court under Fed.R.Civ.P. 56(c). Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir.1995). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. (quotations omitted). We examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. Id. If no genuine issues of material fact are in dispute, we determine whether the district court correctly applied the substantive law. Id.
 
 
 9
 Prisoners have a constitutional right to "adequate, effective, and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 821-22 (1977). The right to access to the courts includes being provided notarial services to authenticate legal documents at state expense, if necessary. Id. at 824-25. Further, a state may not abridge or impair a prisoner's right to apply for habeas corpus relief by requiring inmates to submit habeas petitions to prison counsel to determine whether they are properly drawn. Ex Parte Hull, 312 U.S. 546, 549 (1941); Love v. Summit County, 776 F.2d 908, 912 (10th Cir.1985), cert. denied, 479 U.S. 814 (1986).
 
 
 10
 An inmate must show "any denial or delay of access to the court prejudiced him in pursuing litigation" to establish a denial of access to the courts claim, however. Treff v. Galetka, No. 95-4012, 1996 WL 8165, at * 2 (10th Cir. Jan. 10, 1996). Plaintiff has not established that the LCDC policy or defendants' actions prejudiced him in pursuing litigation. The same day his request for notarization of the habeas petition was denied, plaintiff signed the petition and had three fellow inmates witness his signature. He mailed the petition three days later. He has made no showing that it was not accepted for filing. Further, although plaintiff did not file a mandamus petition in the Wyoming Supreme Court after defendants declined to notarize his affidavit of indigency, he received the relief he planned to request in the mandamus action when, on May 4, 1993, the district court returned his $5,000 bond. R. Vol. II, doc. 40, exhibit J to Affidavit of Denise Nau.
 
 
 11
 Moving to plaintiff's claim that defendants denied him access to discovery, the undisputed facts establish that defendant Harley's initial refusal of plaintiff's request for $1.80 to pay for discovery materials was due to a miscommunication and the error was remedied within four days. This claim therefore fails because plaintiff did not show any prejudice. We affirm the grant of summary judgment and dismissal of plaintiff's complaint.
 
 
 12
 Plaintiff contends the district court erred in enjoining him from further filings without court approval. A litigant has no absolute, unconditional right of access to the courts, and certainly no right to prosecute frivolous or malicious actions. Werner v. Utah, 32 F.3d 1446, 1447 (10th Cir.1994). However, before we approve restrictions placed on litigants there must be a documented lengthy history of vexatious, abusive actions, and the court imposing the restrictions must publish guidelines about what the litigant must do to obtain permission to file an action. Id. at 1448. Further, the litigant is entitled to notice and an opportunity to oppose the court's order before it is entered. Tripati v. Beaman, 878 F.2d 351, 354 (10th Cir.1989).
 
 
 13
 We conclude the restrictions must be set aside. The district court failed to provide plaintiff with notice and an opportunity to respond prior to entry of the restrictions, failed to document that plaintiff has a lengthy history of vexatious, abusive actions, and failed to publish guidelines as to what plaintiff must do to obtain permission to file. We remand for further consideration of this matter. With proper notice, findings, and guidelines, the district court is, of course, free to reimpose the restrictions.
 
 
 14
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED in part, REVERSED in part, and the case is REMANDED for further proceedings. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3