83 F.3d 433
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Sandra K. ABRAM, Defendant-Appellant.
 No. 94-3434.
 United States Court of Appeals, Tenth Circuit.
 May 2, 1996.
 
 Before PORFILIO and HOLLOWAY, Circuit Judges, and HOLMES,** District Judge.
 ORDER AND JUDGMENT*
 HOLLOWAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal arises out of a series of insurance fraud schemes by Defendant-Appellant Sandra K. Abram, her husband Wiley Keith Abram, George W. Turley, James A. Gravatt (Turley's nephew), Ginger E. Tyler (Turley's daughter, a.k.a. Ginger Karleskint), and Kenneth Callahan. Ms. Abram and the others were charged in a 69-count superseding indictment with various crimes arising out of the alleged schemes: mail fraud and aiding and abetting, 18 U.S.C. §§ 1341 and 2; conspiracy, 18 U.S.C. § 371; money laundering, 18 U.S.C. § 1956(a)(1)(A)(I); engaging in a monetary transaction in property derived from specified unlawful activity, 18 U.S.C. § 1957; failure to file an income tax return, 26 U.S.C. § 7203; and making false statements on Internal Revenue Service forms and aiding and abetting, 26 U.S.C. § 7206(1) and 18 U.S.C. § 2.
 
 
 3
 Sandra Abram pleaded guilty to one count of mail fraud and one count of making a false statement on a tax return. She was sentenced to 10 months' imprisonment and 3 years' supervised release, and ordered to pay restitution of $945 and a $100 special assessment.[1] Ms. Abram was sentenced under the 1990 version of the sentencing guidelines, apparently because that version would be more favorable to her than the 1994 guidelines. Her offense level was determined to be 11 and her criminal history category I, which put her sentencing range at 8-14 months. As noted, the trial judge sentenced her to 10 months' imprisonment. She appeals, asserting two claims of error in her sentencing.[2]
 
 
 4
 * Abram first claims that she was not given a third point in reduction of offense level for acceptance of responsibility as was agreed in her plea agreement. Under the 1990 version of the guidelines, no third point was available, the maximum reduction available being only two offense levels. U.S.S.G. § 3E1.1(a) (1990). In the November 1992 amendments to the sentencing guidelines, a new § 3E1.1(b) was added which allowed for a one level decrease in addition to the two-level reduction for acceptance of responsibility available under § 3E1.1(a).
 
 The new § 3E1.1(b) provides:
 
 5
 If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
 
 
 6
 (1) timely providing complete information to the government concerning his own involvement in the offense; or
 
 
 7
 (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for the trial and permitting the court to allocate its resources efficiently,
 
 
 8
 decrease the offense level by 1 additional level.
 
 
 9
 Ms. Abram asserts that she was entitled to the additional level reduction so that her total offense level would have been 10 rather than 11 and her guideline range would therefore have been 6-12 months rather than 8-14. We disagree.
 
 
 10
 The additional one level reduction provided for in new § 3E1.1(b) was not available to Ms. Abram because the additional reduction was unavailable under the 1990 version of the sentencing guidelines--the version under which Ms. Abrams was sentenced. Defendants cannot mix-and-match provisions from the various versions of the sentencing guidelines. In this circuit we adhere to the "one book" rule which "requires that a single Guidelines Manual govern a defendant's sentencing calculation in its entirety." United States v. Nelson, 36 F.3d 1001, 1004 (10th Cir.1994). Under the one book rule, Ms. Abram cannot claim the benefit of the amended § 3E1.1(b). Thus, there was no error in giving Ms. Abram only a two-level reduction for acceptance of responsibility.[3]
 
 II
 
 11
 Ms. Abram next argues that the district court erred in refusing to give a split sentence--that is, a sentence of both imprisonment and community confinement or home detention. Section 5C1.1(d) of the 1990 guidelines provided:
 
 
 12
 If the minimum term of imprisonment in the applicable guideline range in the Sentencing Table is more than six months but not more than ten months, the minimum term may be satisfied by (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.
 
 
 13
 Because the minimum term of imprisonment in the guideline range applicable to Ms. Abram was 8 months, the district judge could have imposed a split sentence or a straight sentence of imprisonment. He chose straight imprisonment.
 
 
 14
 Under 18 U.S.C. § 3742(a) we can review a defendant's appeal of her sentence under four circumstances, none of which is applicable to Ms. Abram's split sentence issue.[4] Therefore we cannot review the district judge's decision not to impose a split sentence.
 
 III
 
 15
 Accordingly, we DISMISS defendant-appellant's second claim of error for lack of appellate jurisdiction. We otherwise AFFIRM the sentence imposed for Ms. Abram and GRANT her counsel's request under Anders to withdraw.
 
 
 
 **
 The Honorable Sven Erik Holmes, United States District Judge for the Northern District of Oklahoma, sitting by designation
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 Ginger Tyler pled guilty to one count of mail fraud and aiding and abetting, and one count of false statements on tax returns. Kenneth Callahan pleaded guilty to one count of conspiracy. Neither Ms. Tyler nor Mr. Callahan is a party to this appeal
 George Turley, Wiley Keith Abram, and James Gravatt were tried jointly. Turley was convicted of 2 counts of mail fraud, 17 counts of mail fraud and aiding and abetting, 1 count of conspiracy, 2 counts of money laundering, 4 counts of making false statements on tax returns, and 1 count of engaging in a monetary transaction in criminally derived property. Wiley Keith Abram was convicted of 8 counts of mail fraud and aiding and abetting, 2 counts of mail fraud, one count of conspiracy, 5 counts of money laundering, and three counts of making false statements on tax returns and aiding and abetting. James Gravatt was convicted of 3 counts of mail fraud and aiding and abetting, 4 counts of mail fraud, 7 counts of money laundering, 2 counts of making false statements on tax returns, and 1 count of failure to file an income tax return. The appeals of Turley (No. 94-3369), Wiley Keith Abram (No. 94-3370), and Gravatt (No. 94-3368) are being decided by a separate opinion of this court.
 
 
 [2]
 Abram's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating his opinion that no meritorious issue can be raised on appeal and asking leave to withdraw
 
 
 [3]
 We note that even had Ms. Abram been eligible for the additional one level reduction provided for in § 3E1.1(b), she would not have qualified for it. The additional reduction is available only if "the offense level determined prior to the operation of
 [ § 3E1.1(a) ] is level 16 or greater...." Ms. Abram's offense level before the operation of § 3E1.1(a) was only 13, and thus in any event she did not qualify for the additional one-level reduction.
 
 
 [4]
 Those four circumstances are (1) if the sentence was imposed in violation of law; (2) if the sentence was imposed as a result of an incorrect application of the sentencing guidelines; (3) if the sentence is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or (4) if the sentence was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. See also United States v. Garcia, 919 F.2d 1478, 1479 (10th Cir.1990) ("a sentence within the Guidelines may not be appealed unless imposed in violation of law, or as a result of an incorrect application of the Guidelines.")