Filed 7/26/96

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BENJAMIN J. ROSCOE,

　　　　　Plaintiff - Appellant,

　　v.

ROBERT L. SALAZAR, SUSAN
SALAZAR,

　　　　　Defendants,

　　and

UNITED STATES OF AMERICA,

　　　　　Defendant - Appellee.

No. 96-2004

(D. New Mexico)
(D.C. No. CIV 95-0936 JC/LCS)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

　　　After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

　　　[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

appeal.  See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9.  This cause is therefore ordered submitted without oral argument.

Benjamin J. Roscoe appeals the district court's order of summary judgment which dismissed his pro se Bivens action against Robert Salazar, an employee of the Department of Housing and Urban Development.  Roscoe contends that the court misconstrued his cause of action and lacked authority to order him to pay the government's attorney's fees.[1]  We affirm.

Roscoe initially brought his action in state court.  After removal to federal court, he filed an amended complaint alleging that Salazar, an agent of the federal government, made false statements to a grand jury and in a United States District Court case, and that such actions deprived Roscoe of his due process rights.  R. Vol. I, Tab 3.

The United States filed a notice of substitution pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(b)(1), which provides that a suit against the United States shall be the exclusive remedy for persons with damage claims resulting from a federal employee's actions within the scope of employment.  Id., Tab 4.  At the same time, the government filed a motion to dismiss or in the alternative for summary judgment.  Id., Tab 5.  Following the court's grant of the substitution, id., Tab 7, Roscoe

---

[1]Roscoe also contends that removal from state court was improvident.  However, Roscoe did not raise this issue before the district court, and we will not consider it for the first time on appeal.  Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

moved to quash the notice of substitution, arguing that his suit was a <u>Bivens</u>[2] action, and not an action under the FTCA. <u>Id.</u>, Tab 8. Additionally, he moved to rescind the order. <u>Id.</u>, Tab 10. The government then filed an opposition to Roscoe's motion to rescind the order. <u>Id.</u>, Tabs 16, 17.

The district court considered Roscoe's claims under both the FTCA and <u>Bivens</u>. <u>Id.</u>, Tab 18. The court concluded it lacked subject matter jurisdiction under the FTCA, since Roscoe had failed to exhaust his administrative remedies. Roscoe does not dispute this conclusion. Turning to <u>Bivens</u>, the court correctly concluded that any claim respecting Salazar's trial testimony must fail, since a trial witness is absolutely immune from civil liability for false testimony. <u>Briscoe v. LaHue</u>, 460 U.S. 325 (1983).

Construing the claim of false testimony before the grand jury as an action for malicious prosecution, the district court assumed, arguendo, that Salazar was a complaining witness, and thus not entitled to absolute immunity. <u>Anthony v. Baker</u>, 955 F.2d 1395, 1400-01 (10th Cir. 1992) (extending absolute immunity to claims resulting from the defamatory effects of a witness' perjured testimony before a grand jury, but denying absolute immunity for claims of malicious prosecution against a complaining witness before a grand jury). The court then noted that, in order to prevail on a claim for

---

[2]<u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) held that the violation of a constitutional right by a federal agent acting under color of his authority gives rise to a cause of action against the agent for damages resulting from the agent's unconstitutional conduct. <u>Id.</u> at 389, 397.

malicious prosecution, Roscoe must allege and prove that the proceeding terminated in his favor. R. Vol. I, Tab 18, at 4 (citing Heck v. Humphrey, 114 S. Ct. 2364, 2371 (1994)). Inasmuch as Roscoe pleaded guilty to a crime arising out of the same events as those which were the subject of the original indictment, the district court concluded that an essential element was lacking and therefore granted summary judgment dismissing the claim with prejudice. Roscoe does not dispute the court's conclusion that he failed to establish a cause of action for malicious prosecution. Rather, he disputes the characterization, contending that he never pleaded malicious prosecution. Appellant's Br. at 4.

We review the district court's grant of summary judgment de novo, applying the same standard as the trial court. Lancaster v. Air Line Pilots Ass'n Int'l, 76 F.3d 1509, 1516 (10th Cir. 1996). Summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Conclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment. . . ." Elsken v. Network Multi-Family Sec. Corp., 49 F.3d 1470, 1476 (10th Cir. 1995). Moreover, despite the liberal construction given pro se pleadings, we will not construct arguments or theories in the absence of any discussion of those issues. Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991).

As noted, Roscoe rejects any claim of malicious prosecution.[3] Roscoe's allegations of constitutional violation are vague, conclusory, and unsupported, and he offers no theory by which we might find a constitutional violation of due process or of any other protected right.[4] Accordingly, summary judgment on his Bivens claim was proper.

As his second claim, Roscoe contends that the district court had no authority to order him to pay attorney fees to the government. We review the district court's award of attorney fees for abuse of discretion. Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1553 (10th Cir. 1996). However, we review de novo any statutory interpretation or legal analysis underlying the decision, and we review any supporting findings of fact for clear error. Octagon Resources, Inc. v. Bonnett Resources Corp. (In re Meridian Reserve, Inc.), _____ F.3d____, 1996 WL 332353, at *3 (10th Cir. Jun 18, 1996) (No. 95-6239).

---

[3]Nonetheless, Roscoe states that Salazar "made false statements to a grand jury and thereby materially contributed to [Roscoe's] indictment." Appellant's Br. at 6. We agree with the district court that such an allegation is properly characterized as a claim for malicious prosecution, and we affirm its judgment as to that cause of action on the merits.

[4]Roscoe merely argues that Salazar is "a tort-feasor," whose "actions caused damage to Plaintiff, and . . . deprived Plaintiff of his protected rights." Appellant's Br. at 6. Roscoe also cites a D.C. Circuit case which "recognized . . . Fourth Amendment violations that may result in [Bivens] actions including committing perjury before a grand jury," but he indicates no specific Fourth Amendment violation which would give rise to a Bivens action in his case. Id.

The district court has inherent authority to award attorney fees when the losing party has proceeded in bad faith, vexatiously, or for reasons which are oppressive. Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980). Moreover, 28 U.S.C. § 2412(b) provides that "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity."

The district court noted that Roscoe has filed ten separate lawsuits involving similar claims against federal employees, that most have been dismissed or found frivolous, and that Roscoe has been enjoined from filing any further actions in the district unless he satisfies certain conditions. The court concluded that "Plaintiff's behavior has wasted scarce judicial resources, the time and energy of numerous federal employees, and federal funds," and ordered Roscoe to pay the government's costs and fees for this litigation. R. Vol. I, Tab 18, at 4. We conclude that the district court's findings of fact are not clearly erroneous, and that its award of fees was fully within its discretion, both under its inherent power and its statutory authority.

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge