**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 17 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

BENJAMIN J. ROSCOE,

    Plaintiff-Appellant,

    v.

HONORABLE C. LEROY HANSEN,

    Defendant-Appellee.

No. 96-2250
(D.C. No. CIV-96-1072-BB)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Plaintiff Benjamin J. Roscoe appeals the district court's dismissal of his pro se action against a federal district judge. He also appeals the district court's injunction limiting his ability to file suit against federal officials, as well as the court's order requiring him to pay defendant's attorney fees. We affirm the dismissal and imposition of fees, but reverse and remand for further proceedings on the injunction.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Roscoe originally filed this action in state court. In his complaint, he alleged defendant defamed him and propounded false accusations of criminal violations while presiding over a civil action in which Roscoe was a party. Defendant removed the case and filed a motion to dismiss. After conducting a show cause hearing to determine if Roscoe was in contempt of previous court orders limiting his ability to file suit, the court dismissed the complaint. Roscoe was enjoined from filing suit against any federal employee or official for any action taken in pursuit of official duties without Roscoe first complying with specific conditions imposed by the district court. The court also directed defendant to file an "appropriate cost bill including attorney fees." Record document 12 at 2. Defendant filed a bill of costs and fees in the amount of $1,290.

On appeal, Roscoe contends (1) the action should be remanded to state court because service was never perfected on defendant; (2) the district court's injunction is improper because it was issued without proper notice and contains no clear and objective guidelines; and (3) the award of attorney fees was improper.

The fact that Roscoe had not perfected service on defendant did not deprive the district court of authority to dismiss the case. Clearly, given defendant's status as a federal employee, and given the fact that Roscoe's allegations arose solely out of defendant's performance of his official duties, the case was properly removed and the district court had subject matter jurisdiction. See 28 U.S.C. § 1441(a), (b), and (c); 28 U.S.C. § 1442(a)(1). The sole impact of the alleged lack of proper service would have been on the district court's personal jurisdiction over defendant. See Omni Capital Intern. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of

summons must be satisfied.").  Unlike subject matter jurisdiction, personal jurisdiction is not an "absolute stricture" on a district court, but is instead a "personal privilege" that may be waived by a defendant.  Leroy v. Great Western United Corp., 443 U.S. 173, 180 (1979).  Defendant's notice of removal clearly indicated he intended to waive that privilege for the limited purpose of seeking dismissal.  Accordingly, we conclude the court's dismissal was proper and reject Roscoe's assertion that the case should have been remanded to state court.

We turn to the injunction which limited Roscoe's ability to file suit against federal officials.  In March 1996, based on Roscoe's long history of filing frivolous lawsuits against federal officials, the district court issued an injunction limiting his ability to file new lawsuits against federal officials.  The court's order read:

> IT IS HEREBY ORDERED that the Plaintiff, Benjamin J. Roscoe is hereby enjoined from filing any civil action in the United States District Court for the District of New Mexico against the United States, a federal agency, or any federal employee, without first obtaining leave of the court.  In seeking leave to file, Mr. Roscoe must certify that the claim or claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court.  He must also certify that the claim or claims are not frivolous or taken in bad faith.  Additionally, the motion for leave to file must be captioned "Application Pursuant to Court Order Seeking Leave to File."  Mr. Roscoe must either cite or affix a copy of this Order to that motion.

Record document 11 at 6.  We approved the injunction on appeal.  Roscoe v. United States, 1997 WL 43518 (10th Cir. Feb. 4, 1997) (table) (affirming injunction); see Roscoe v. United States, 83 F.3d 433 (10th Cir. 1996) (table) (initially reversing and remanding injunction for consideration of requirements of Tripati v. Beaman, 878 F.2d 351 (10th Cir. 1989)).

In the instant case, Roscoe informed the district court at the show cause hearing that he had found a loophole in the above-cited injunction.  Specifically, he asserted it

only prohibited him from filing civil actions in federal district court and he was free to file suit against federal officials in state court. In response, the court decided to extend the original injunction by requiring Roscoe to obtain permission from the court before filing any suit against a federal employee or official:

> Plaintiff is PERMANENTLY ENJOINED from suing, pro se, any employee or official of the United States Government for any action taken by the federal employee or official in the course of performing their job, without first obtaining the written permission of the Chief United States District Judge for the District of New Mexico. Such written permission must certify that the case is not frivolous and that the Chief Judge was made aware of the previous suits filed against federal officials, and Plaintiff must affix the written permission of the Chief Judge to his complaint. Failure to observe the requirements of this order may result in criminal sanctions.

Record document 12.

We have repeatedly recognized the power of federal courts under 28 U.S.C. § 1651(a) to protect themselves from the deleterious impact of repetitive, unfounded pro se litigation. Werner v. State of Utah, 32 F.3d 1446, 1448 (10th Cir. 1994); Olson v. Coleman, 997 F.2d 726, 729 (10th Cir. 1993); Tripati, 878 F.2d at 351. As we emphasized in Tripati, "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." 878 F.2d at 353 (citation omitted). Accordingly, we will approve restrictions placed on a litigant if (1) the district court outlined the litigant's history of abusive or frivolous filing activities; (2) the district court gave the litigant some guidelines as to what he or she must do in order to obtain the court's permission to file an action; and (3) the district court gave the litigant notice of the proposed restrictions and an opportunity to respond. Id. at 353-54.

-4-

Having reviewed the record on appeal, we are satisfied the first two requirements have been met. In its order imposing the injunction, the district court described Roscoe's history of frivolous litigation against federal employees and officials in detail. As for the injunction itself, it clearly indicates the steps Roscoe must take before filing any future pro se lawsuits against federal employees or officials. However, we do not believe the court satisfied the notice requirements outlined in Tripati. Although Tripati does not afford a litigant the right to an actual hearing, it does entitle him or her "to notice and an opportunity to oppose the court's order before it is instituted." Id. at 354; see DePineda v. Hemphill, 34 F.3d 946, 948 (10th Cir. 1994) (notice requirement satisfied when plaintiff was given limited amount of time to file written objections to proposed limitations). Here, there is no indication in the record on appeal that Roscoe was provided an opportunity to oppose the injunction prior to its entry. To the contrary, the record suggests the court issued the injunction sua sponte at the conclusion of the show cause hearing. There is no indication in the clerk's minutes that Roscoe was allowed to voice his opposition to the injunction, nor do the court's subsequent written orders indicate that Roscoe was allowed to file any pleadings in opposition.

Accordingly, we reverse the district court's injunction and remand for further proceedings in accordance with the notice requirements outlined in Tripati. "With proper notice, . . . the district court is, of course, free to reimpose the restrictions." Van Riper v. Long, 76 F.3d 394, 1996 WL 34426 at *3 (10th Cir. 1996) (table).

Finally, we review the district court's award of attorney fees to defendant. In rejecting one of Roscoe's recent appeals, we emphasized that a district court "has inherent authority to award attorney fees when the losing party has proceeded in bad faith,

-5-

vexatiously, or for reasons which are oppressive." <u>Roscoe v. Salazar</u>, 92 F.3d 1197, 1996 WL 421957 at *2 (10th Cir. 1996) (table). Likewise, we noted that a district court has authority under 28 U.S.C. § 2412(b) to award attorney fees "'to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity.'" <u>Id</u>. at *3 (quoting statute). In dismissing Roscoe's action, the court found the complaint was "filed for the sole purpose of harassing a federal judge and it clearly has resulted in a waste of the scarce resources in this Judicial District." Record document 11 at 2. The district court further found Roscoe had "engaged in a long and persistent attempt to intimidate and harass federal officials in the performance of their duties by filing frivolous lawsuits in the New Mexico State courts." <u>Id</u>. Because these findings are not clearly erroneous, we conclude the district court had inherent and statutory authority to award fees to defendant.

AFFIRMED in part, REVERSED in part, and REMANDED. The mandate shall issue forthwith.

Entered for the Court

Per Curiam

-6-