**GLENDORA, Plaintiff–Appellant,**

v.

**Gerald M. LEVIN, et al., Defendants–Appellees.**

**No. 01–1776.**

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2001.

Before NORRIS, SILER, and BATCHELDER, Circuit Judges.

## ORDER

Glendora, a New York resident proceeding pro se, appeals the district court order dismissing her action filed pursuant to the Cable Communications Policy Act of 1984 and the Cable Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 521, *et seq.* This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking $23 million in compensatory and punitive damages and injunctive relief, Glendora sued forty-nine cable television companies in twenty states. She alleged that the defendants violated federal law by refusing to telecast her program, "A Chat with Glendora," on the defendants' public access channels unless she had a local sponsor. The district court granted Glendora in forma pauperis status, and entered an order for Glendora to show cause why the case should not be dismissed for lack of personal jurisdiction, improper venue, on res judicata/collateral estoppel grounds, and/or for failure to state a claim. Glendora filed a response which criticized the district court's show cause order but did not address the infirmities of her complaint. By opinion and order entered May 15, 2001, the district court dismissed the complaint for failure to state a claim and ordered Glendora to show cause why sanctions should not be imposed under Fed. R.Civ.P. 11.

In her timely appeal, Glendora argues that her complaint stated a claim under 47 U.S.C. § 531(e).

This court reviews de novo a district court's sua sponte dismissal of an in forma pauperis complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

Upon review, we affirm the district court's decision for the reasons stated by the district court. Glendora alleged that the defendants violated 47 U.S.C. § 531(e) by requiring her to have a local sponsor in order to run her program on their local access cable channels. The statute in question prohibits cable operators from exercising editorial control over public access cable channels. Assuming there is a private cause of action based upon 47 U.S.C. § 531(e), *see McClellan v. Cablevision of Conn., Inc.,* 149 F.3d 161, 169 (2d Cir. 1998), Glendora's complaint did not state a claim because requiring a local sponsor does not violate 47 U.S.C. § 531(e).

Accepting all of Glendora's factual allegations as true, she can prove no set of facts in support of her claim which would entitle her to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). Having concluded that Glendora's complaint fails to state a claim, we need not address the complaint's other deficiencies. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.