32 F.3d 1446
 Robert Henry WERNER, also known as Redelk Ironhorse Thomas, Petitioner,
v.
The STATE OF UTAH; Honorable David K. Winder, District
Judge; Honorable Samuel Alba, Magistrate Judge;
Utah District Court, Respondents.
 No. 94-535.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 9, 1994.
Order Implementing Sanctions Sept. 2, 1994.
 
 Robert Henry Werner, pro se.
 Before TACHA, BALDOCK, and EBEL, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 This is an original proceeding for extraordinary relief. We deny such relief and impose appellate sanctions.
 
 
 2
 Petitioner filed a "Petition to Remove Sec. 1983 Jurisdiction from Utah District Courts." He alleged that he had attempted to file a complaint in the district court in Utah, but the complaint was returned to him unfiled and leave to proceed in forma pauperis was denied. We construed the filing before us as a petition for writ of mandamus and requested that the Honorable David K. Winder file a response to the petition.
 
 
 3
 Chief Judge Winder's response indicated that petitioner, who is a prisoner in the Utah State Prison, is an abusive litigant who has filed over fifty cases in district court since 1988. Most of the cases were dismissed. Also, most were repetitive or duplicative of other filings and many were without merit and frivolous. There are several district court cases still pending. In addition, petitioner has refused to accept mailings from the district court, and he has written threats, obscenities, or profanities on the refused mail.
 
 
 4
 The district court has implemented procedures to deal with petitioner's abusive practices. Upon receipt of any complaint from petitioner, the clerk of court refers the complaint to a magistrate judge for review to determine whether the complaint is lacking in merit, duplicative, or frivolous. If the magistrate judge determines that any of the foregoing is true, the complaint is transmitted to Chief Judge Winder for further review.
 
 
 5
 Chief Judge Winder stated that the above procedures were followed when petitioner attempted to file the complaint at issue. Although the fifty-four page complaint with over one hundred exhibits was returned to petitioner, Chief Judge Winder recalled that the complaint related to a claimed denial of religious freedom, which had been raised in other cases. Both Magistrate Judge Samuel Alba and Chief Judge Winder determined that the complaint lacked merit and should not be filed and that petitioner should not be allowed to proceed in forma pauperis.
 
 
 6
 Based on petitioner's abusiveness and the lack of merit to the complaint he was attempting to file, Chief Judge Winder believes that mandamus relief is not appropriate.
 
 
 7
 Mandamus is a drastic remedy, which is to be used only in extraordinary situations. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34, 101 S.Ct. 188, 189, 66 L.Ed.2d 193 (1980). Traditionally, mandamus has been used " 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.' " Mallard v. United States Dist. Court, 490 U.S. 296, 308, 109 S.Ct. 1814, 1821, 104 L.Ed.2d 318 (1989) (quoting Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943)). A petitioner must establish clear abuse of discretion or conduct amounting to usurpation of judicial power by the district court. Id. at 309, 109 S.Ct. at 1822. Also, a petitioner must establish that he lacks alternatives to obtain the relief he desires and that his right to the writ is clear and indisputable. Id. Mandamus relief is appropriate, however, when a petitioner is effectively excluded from federal court. McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir.1991).
 
 
 8
 Petitioner has not shown that he has been effectively excluded from federal court. He has no absolute, unconditional right of access to the courts and no constitutional right of access to prosecute frivolous or malicious actions. See Winslow v. Hunter (In re Winslow), 17 F.3d 314, 315 (10th Cir.1994). He was given the privilege of proceeding in forma pauperis in many cases, but he abused that privilege. See id. Further, he had been given the leniency due pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).
 
 
 9
 When a litigant abuses these privileges, filing restrictions are appropriate. Winslow, 17 F.3d at 315; see also In re Sindram, 498 U.S. 177, 179-80, 111 S.Ct. 596, 597, 112 L.Ed.2d 599 (1991) (although there is waiver of filing fees and costs for indigent litigants in order to promote interests of justice, goal of fairly dispensing justice is compromised when the court is forced to devote limited resources to processing repetitious and frivolous requests). A court may impose restrictions commensurate with its inherent power to enter orders "necessary or appropriate" in aid of jurisdiction. 28 U.S.C. Sec. 1651; see In re Winslow, 17 F.3d at 315; Johnson v. Cowley, 872 F.2d 342, 344 (10th Cir.1989). This court approves restrictions placed on litigants with a documented lengthy history of vexatious, abusive actions, so long as the court publishes guidelines about what the plaintiff must do to obtain court permission to file an action, and the plaintiff is given notice and an opportunity to respond to the restrictive order. See Ketchum v. Cruz, 961 F.2d 916, 921 (10th Cir.1992) (citing Tripati v. Beaman, 878 F.2d 351, 354 (10th Cir.1989)).
 
 
 10
 Based on Chief Judge Winder's response, it is clear that petitioner is an abusive litigant in the district court and that the district court complied with due process requirements in imposing filing restrictions on petitioner. Petitioner has not shown that the district court so clearly abused its discretion or usurped its power in refusing to file the complaint at issue here that mandamus relief would be appropriate. Further, if petitioner disagrees with the district court's filing restrictions, his avenue for review is an appeal from the order establishing the restrictions. Cf. United States v. Gundersen, 978 F.2d 580, 582 (10th Cir.1992) (mandamus is not a substitute for an appeal). Accordingly, we deny petitioner's request for a writ of mandamus.
 
 
 11
 In addition, based on petitioner's appellate filings history and abuse of the appellate process, we have sua sponte decided to impose restrictions on future filings in this court by petitioner "commensurate with our inherent power to enter orders 'necessary or appropriate' in aid of our jurisdiction" under Sec. 1651. Winslow, 17 F.3d at 315; see also Tripati, 878 F.2d at 352 (appellate court has same power as district court to enjoin abusive litigants under Sec. 1651). Since 1990, petitioner has filed twenty-two matters in this court.[1] Ten matters have been filed this year. Including this action, fifteen of the matters have been affirmed, dismissed, or denied; the remaining seven are pending.
 
 
 12
 In addition to being litigious, petitioner is also abusive in his correspondence with this court.[2] Although petitioner was not abusive in his early appeals, over time he has engaged in a pattern of abuse intensifying throughout the years. As in the district court, he has refused to accept mailings from this court, and he has written threats, obscenities, and profanities on the refused mail. When mail is addressed to petitioner as Robert Henry Werner, rather than as Redelk Ironhorse Thomas, petitioner crosses out the name of Robert Henry Werner and usually makes threatening or obscene comments regarding getting his name right. Also, he returns mail indicating that there is no inmate named Robert Henry Werner. On three occasions, petitioner has ripped up the pro se forms sent to him and returned them to the clerk's office.[3] Petitioner has sent letters to the clerk of court threatening to sue him for alleged mishandling of his appeals or when orders are signed by the clerk of court rather than a judge. He has also threatened to file criminal charges against this court for an alleged mishandling of an appeal.
 
 
 13
 Because petitioner has abused the appellate process just as he abused the district court process, we impose the following reasonable filing restrictions upon him. See In re Winslow, 17 F.3d at 315-16. Petitioner is ENJOINED from proceeding as a petitioner in an original proceeding or an appellant[4] unless he is represented by a licensed attorney admitted to practice in this court or unless he first obtains permission to proceed pro se. To obtain permission to proceed pro se, petitioner must take the following steps:
 
 
 14
 1. File a petition with the clerk of this court requesting leave to file a pro se action;
 
 
 15
 2. Include in the petition the following information:
 
 
 16
 A. A list of all lawsuits currently pending or filed previously with this court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the appeal or original proceeding; and
 
 
 17
 B. A list apprising this court of all outstanding injunctions or orders limiting petitioner's access to federal court, including orders and injunctions requiring petitioner to seek leave to file matters pro se or requiring him to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and
 
 
 18
 3. File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal basis asserted for modifying the district court's decision, and describing with particularity the order being challenged. The affidavit also must certify, to the best of petitioner's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the appeal is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that he will comply with all appellate and local rules of this court.
 
 
 19
 These documents shall be submitted to the clerk of the court, who shall forward them to the Chief Judge for review to determine whether to permit a pro se original proceeding or an appeal. Without the Chief Judge's approval, the matter will be dismissed. If the Chief Judge approves the filing, an order shall be entered indicating that the appeal or original proceeding shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.
 
 
 20
 In addition, petitioner shall accept and not return any papers from this court. If, at any time, petitioner submits any papers to this court that contain obscene, profane, or abusive language, the clerk shall immediately return unfiled those papers to petitioner.
 
 
 21
 Petitioner shall have ten days from the date of this order to file written objections, limited to fifteen pages, to these proposed sanctions. See Winslow, 17 F.3d at 316-17. If petitioner does not file objections, the sanctions shall take effect twenty days from the date of this order. Id. at 316-17. The filing restrictions shall apply to any matter filed after that time. If petitioner does file timely objections, these sanctions shall not take effect until after this court has ruled on those objections. The sanctions applicable to papers containing obscene, profane, or abusive language shall apply to all pending and future matters.
 
 
 22
 The petition for writ of mandamus is DENIED; the motion for leave to proceed without prepayment of costs or fees is DENIED; and the motion for appointment of counsel is DENIED.
 
 ORDER
 Sept. 2, 1994
 
 23
 Before TACHA, BALDOCK, and EBEL, Circuit Judges.
 
 
 24
 PER CURIAM.
 
 
 25
 On August 9, 1994, we entered an order denying petitioner mandamus relief and sua sponte imposing appellate sanctions on him. Werner v. Utah, No. 94-535, 1994 WL 412442 (10th Cir. Aug. 9, 1994). Petitioner was given an opportunity to file objections to the sanctions, and he has done so.
 
 
 26
 We conclude petitioner's objections are lacking in merit. Accordingly, petitioner's request for a hearing is denied, and the sanctions set forth in our August 9, 1994 order shall take effect upon the date this order is filed.
 
 
 
 [1]
 See Werner v. United States Dist. Court, No. 90-594, petition for writ of mandamus denied; Werner v. Deland, No. 90-4026, affirmed; Werner v. Deland, No. 90-4114, affirmed; Werner v. Deland, No. 90-4130, affirmed; Gardner v. Deland, No. 91-4007, dismissed for lack of prosecution; Werner v. Fulkerson, No. 91-4209, dismissed on petitioner's motion; Werner v. Knudsen, 986 F.2d 1431 (10th Cir.1993), affirmed; Werner v. Austin, No. 92-4153, dismissed on petitioner's motion; Werner v. McCotter, No. 92-4163, dismissed for lack of jurisdiction; Werner v. McCotter, No. 93-4101, dismissed for lack of jurisdiction; Werner v. State of Utah, No. 93-4113, dismissed for lack of jurisdiction; Carper v. Deland, No. 93-4143, dismissed for lack of jurisdiction; Werner v. Winder, 32 F.3d 1446 (10th Cir.1994) petition for writ of mandamus denied; Thomas v. State of Utah, No. 94-559, petition for writ of mandamus denied; Thomas v. Holmes, No. 94-1048, pending; Thomas v. McCotter, No. 94-4079, dismissed for lack of jurisdiction; Thomas v. Evans, No. 94-4104, pending; Thomas v. Jackson, No. 94-4118, pending; Thomas v. Franchina, No. 94-4129, pending; Thomas v. McCotter, No. 94-4130, pending; Carper v. Deland, No. 94-4144, pending; Werner v. McCotter, No. 94-4173, pending
 
 
 [2]
 See Werner v. Fulkerson, No. 91-4209; Werner v. Knudsen, No. 92-4124; Werner v. Austin, No. 92-4153; Werner v. McCotter, 92-4163; Werner v. McCotter, No. 93-4101; Werner v. State of Utah, No. 93-4113; Carper v. Deland, No. 93-4143; Werner v. Winder, No. 94-535; Thomas v. McCotter, 94-4079; Thomas v. Evans, No. 94-4104; Thomas v. Jackson, No. 94-4118; Thomas v. McCotter, No. 94-4130
 
 
 [3]
 Thomas v. McCotter; No. 94-4130; Thomas v. Evans, No. 94-4104; Thomas v. Jackson, No. 94-4118
 
 
 [4]
 Of course, in any appeal in which petitioner is, in fact, an appellee, these restrictions would not apply