UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 8/30/96**

RICHARD NAGOL,

       Plaintiff - Appellant,

vs.

LUNA, COUNTY OF; ERNEST
BOWEN, Officer, Lieutenant; JAMES
CLAY, Sheriff; MANUEL DV
SAUCEDO, Judge; FRED GIFFORD,
Judge,

       Defendants - Appellees.

No. 95-2243
(D.C. No. CIV 94-961)
(D.N.M.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, KELLY and LUCERO, Circuit Judges.[**]

Plaintiff-Appellant Richard Nagol challenges the district court's injunction

enjoining him from filing civil or criminal proceedings, except under certain conditions.

In entering its order, the district court took judicial notice of the fact that Mr. Nagol has a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

"lengthy history of filing meritless claims." Aplee. Supp. App. doc. 1 (D. Ct. Order filed Oct. 24, 1995). Specifically, Mr. Nagol had filed six suits within five months. Mr. Nagol's litigious nature led the state court to impose a similar restriction on him.

Under 28 U.S.C. § 1651(a), a court has the power to protect itself from the deleterious impact of repetitive, unfounded pro se litigation. Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam); accord Werner v. Utah, 32 F.3d 1446, 1449 (10th Cir. 1994) (per curiam); Winslow v. Hunter (In re Winslow), 17 F.3d 314, 315-16 (10th Cir. 1994) (per curiam). "[I]njunctions are proper where the litigant's abusive and lengthy history is properly set forth." Tripati, 878 F.2d at 353. In restricting a litigant's access, the court must provide guidelines as to what the litigant must do to file suit. Id. at 354; accord Werner, 32 F.3d at 1449; Winslow, 17 F.3d at 316-17. In this case, both conditions were satisfied. The district court's narrowly written requirement that Mr. Nagol be represented by counsel or have prior judicial approval to file suits is permissible under the circumstances. See Tripati, 878 F.2d at 353; accord Werner, 32 F.3d at 1449; Winslow, 17 F.3d at 316-17.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 2 -