**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PATRICK DEAN COANDO,

    Plaintiff-Appellant,

v.

WESTPORT RESOURCES,

    Defendant-Appellee.

No. 03-4167

(D.C. No. 2:03-CV-209-TC)

(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

---

Plaintiff Patrick Dean Coando, appearing pro se, appeals the district court's June 27, 2003, dismissal of his complaint because of his failure to comply with a court order prohibiting him from filing suit without prior court permission. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff filed suit against Westport Resources Corporation (Defendant) on February 27, 2003. He is a member of the Eastern Shoshone Tribe and resides on the Wind River Reservation in Fort Washakie, Wyoming. The gist of the complaint is that Defendant improperly refused to employ him to perform various services involving oil and gas tubing and casing on the Uintah Valley Reservation. Rather than filing an answer, Defendant moved for dismissal or summary judgment under Federal Rules of Civil Procedure 12 and 56, contending that Plaintiff had violated a ten-year-old court order (the 1993 Order) by filing suit without first obtaining leave of court, and that Plaintiff had failed to serve Defendant properly. The district court granted Defendant's motion and dismissed the complaint "[f]or the reasons set forth at the conclusion of the June 27, 2003 hearing, and in view of [the 1993 Order]." Aplee. Br. Exh. A.

The 1993 Order had been entered on February 23, 1993, by the United States District Court for the District of Utah in <u>Coando v. Ute Indian Tribe</u>, 91-CV-1216B (D. Utah 1993). In that case Plaintiff alleged improper denial of membership in the Uintah Indian Tribe and resulting denial of revenue from, and access to, tribal property. The magistrate judge to whom the case was referred noted that Plaintiff's suit raised claims identical to ones previously considered and dismissed by the court, and thus was frivolous. The magistrate judge also noted that of Plaintiff's four other actions filed in that federal court,

two had been dismissed as meritless under then 28 U.S.C. § 1915(d) (redesignated § 1915(e) in 1996), and two had been dismissed for failure to exhaust state or procedural remedies. The district court adopted the magistrate judge's Report and Recommendation over Plaintiff's objection and ordered that "plaintiff, except by leave of court, be barred from the following[:]  1.  Proceeding in forma pauperis; 2.  Filing any complaints in future actions." Aplee. Br. Exh. B.  The court further ordered:

> In the event that leave is granted, plaintiff must abide by the following special conditions;
>
> a.  Plaintiff must carry a stronger burden of proof that he is economically unable to pay filing fees;
>
> b.  Plaintiff must demonstrate to the court that his action is commenced in good faith and not malicious or without arguable merit;
>
> c.  Plaintiff must certify his pleadings as required by Rule 11, of the Federal Rules of Civil Procedure;
>
> d.  Plaintiff must include in every complaint filed, a list of every previous action filed;
>
> e.  Plaintiff must send all pleadings to the defendants and provide the court with proof of service.

Id. (internal quotation marks omitted).

Undeterred by the 1993 Order, Plaintiff has subsequently filed at least two lawsuits in the District of Utah without obtaining leave of court.  The first was a 1999 suit against Coastal Oil and Gas Corporation, which the district court

-3-

dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The second is the case currently before us.

Plaintiff's brief on appeal enumerates eight issues, but we can consolidate them to four. First, Plaintiff contends that Defendant violated his constitutional rights to due process, equal protection, and a jury trial by not filing an answer to his complaint. This argument is meritless. Defendant permissibly responded to the complaint with a motion to dismiss for insufficiency of service of process and a motion for summary judgment, rather than filing an answer. See Fed. R. Civ. P. 12(b) & 56(b). Plaintiff makes no comprehensible constitutional argument, nor do we perceive any potential violation of the Constitution.

Second, Plaintiff challenges the 1993 Order on the ground that it was ex parte and he was denied due process, equal protection, and his right to a jury trial. He contends that the 1993 Order was entered ex parte because the defendant in the case in which the order was entered was not served and did not participate in the proceedings. But even assuming these allegations to be true, Plaintiff still is not entitled to any relief. The district court entered the 1993 Order after Plaintiff filed a complaint containing claims previously considered and dismissed as frivolous by that court. The absence of the defendant from the proceedings hardly prejudiced

the rights of Plaintiff. In particular, Plaintiff was able to object to the magistrate judge's Report and Recommendation, which was the basis of the 1993 Order.

As for his constitutional claims regarding the 1993 Order, Plaintiff fails to explain what the violation is. We note that this court regularly upholds—and enters—orders imposing filing restrictions on plaintiffs with a demonstrated history of filing frivolous lawsuits. See, e.g., Winslow v. Hunter (In re Winslow), 17 F.3d 314, 315-16 (10th Cir. 1994). Furthermore, the conditions Plaintiff must follow when he is granted leave to file a complaint either are common to all litigants, such as the requirements that he certify his pleadings under Rule 11 and properly serve all defendants, or enable the court to ascertain whether he is filing a duplicative—and therefore frivolous—complaint. We also note that Plaintiff did not appeal the 1993 Order, so grounds for collateral attack are greatly limited. See, e.g., Fed. R. Civ. P. 60(b)(5) (court can set aside an injunction if no longer equitable); cf. United States v. United Mine Workers, 330 U.S. 258, 293 (1947) ("[A]n order issued by a court with jurisdiction . . . must be obeyed by the parties until it is reversed . . . .").

Third, Plaintiff argues that the district court improperly relied on the allegedly unconstitutional 1993 Order in dismissing his complaint, thus violating his constitutional rights to due process, equal protection, a jury trial, and access to courts. But Plaintiff bases this argument on his previously discussed contention

-5-

that the 1993 Order was unconstitutional because it was entered without the participation of the defendant in that case. Having ruled that the district court did not violate Plaintiff's rights to due process, equal protection, and a jury trial when it entered the 1993 Order, we conclude that it likewise did not violate these rights by relying on the 1993 Order to dismiss his complaint in this case.

Nor did the district court's dismissal of Plaintiff's complaint for failure to comply with the 1993 Order deny Plaintiff meaningful access to federal court. We have previously held that plaintiffs have "no absolute, unconditional right of access to the courts and no constitutional right of access to prosecute frivolous or malicious actions." Werner v. Utah, 32 F.3d 1446, 1447 (10th Cir. 1994). In Werner we stated that "[a] court may impose restrictions commensurate with its inherent power to enter orders necessary and appropriate in aid of jurisdiction," id. (internal quotation marks omitted), and that we will approve "restrictions placed on litigants with a documented lengthy history of vexatious, abusive actions, so long as the court publishes guidelines about what the plaintiff must do to obtain court permission to file an action, and the plaintiff is given notice and an opportunity to respond to the restrictive order," id. at 1448. Plaintiff fails to show how the 1993 Order exceeds judicial power.

Finally, Plaintiff alleges that the district court demonstrated bias against him in dismissing his complaint. As evidence of this bias, Plaintiff claims that the

-6-

district court "did profile the plaintiff and did arrange and order, at least fifteen [United States] marshals, to be present and enter [the United States] courtroom, wherein, plaintiff was scheduled [to] appear for hearing, and seat themselves and stand around plaintiff, to act as guards to monitor the Judge's control over plaintiff . . . ." Aplt. Br. at 13. Plaintiff also argues that the district court displayed bias against him when it "did notify/inform [him] orally, that the . . . marshals [were] there by her orders to take [him] into custody if [he] conducted himself in [a] manner that was not acceptable" to the district court. Aplt. Br. at 13.

This argument is also without merit. The United States Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Furthermore, "[a] judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune" from charges of bias. Id. at 556. Plaintiff points to no evidence that the district court judge displayed bias against him in taking steps to preserve courtroom decorum.

AFFIRMED.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge