**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PATRICK D. COANDO,

Plaintiff - Appellant,

v.

DOMINION EXPLORATION
PRODUCTION, INC.,

Defendant - Appellee.

No. 05-4274

(D. Utah)

(D.C. No. 2:05-CV-778-PGC)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit
Judges.

---

On September 19, 2005, Patrick Coando filed a complaint in the United

States District Court for the District of Utah against Dominion Exploration

Production, Inc. (Dominion).  Among the complaint's allegations were that (1) he

was denied his war-time treaty right as an enrolled member of the Eastern

---

[*]After examining the brief and appellate record, this panel has determined
unanimously to honor the party's request for a decision on the brief without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Shoshone tribe to work on the Uinta Valley Reservation for Dominion, (2) Dominion's failure to hire him constituted racial discrimination, (3) Dominion committed a breach of contract by violating certain treaties signed by the United States, and (4) Dominion and the State of Utah committed certain acts of terrorism on the Uinta Valley Reservation. The district court observed that since 1991 Mr. Coando had been the plaintiff in 28 different cases filed in the District of Utah, and that Mr. Coando was subject to filing restrictions imposed by a 1993 court order, including the requirement that he obtain leave from the court before filing any civil complaint in the District of Utah. The district court dismissed Mr. Coando's complaint for failure to follow the filing requirements imposed by the 1993 order. Mr. Coando appeals, claiming that the dismissal violated certain constitutional rights and alleging various acts of judicial misconduct. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Coando argues that the district court's dismissal of his complaint violated his Seventh Amendment right to a jury trial. He also argues that the court's refusal to accept further filings violated other provisions of the United States Constitution, including the Due Process Clause, the Equal Protection Clause, and the Sixth Amendment. Although Mr. Coando does not explain how the dismissal violates those constitutional rights, we construe his arguments as challenging the constitutionality of the underlying order imposing filing

restrictions. Mr. Coando, however, cites no authority for his contentions. And in similar circumstances we have imposed or upheld such restrictions. *See, e.g., Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1232 (10th Cir. 1998) (enjoining an individual "from proceeding as an appellant, or as a petitioner in an original proceeding, without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed pro se."); *Coando v. Westport Resources*, 85 Fed. Appx. 59, 62 (10th Cir. 2003) (unpublished disposition) ("We note that this court regularly upholds–and enters–orders imposing filing restrictions on plaintiffs with a demonstrated history of filing frivolous lawsuits. *See, e.g., Winslow v. Hunder (In re Winslow)*, 17 F.3d 314, 315-16 (10th Cir. 1994)."). Mr. Coando's challenge to the constitutionality of the 1993 order fails.

Mr. Coando asserts that the district judge was practicing law for the defense and acting out of prejudice against Mr. Coando in dismissing his complaint. He also appears to assert that the district judge engaged in ex parte communications with the defendant. But Mr. Coando does not support these assertions with any citations to evidence in the record, and thus we will not consider them. *See Hinman v. Rogers*, 831 F.2d 937, 939-40 (10th Cir. 1987) (conclusions, beliefs, and speculation are not an adequate basis for recusal or disqualification of a judge).

In addition, Mr. Coando contends that the 1993 order is "bogus" and "manufactured," and that the district judge committed perjury by stating that Mr. Coando had been the plaintiff in 28 cases in the District of Utah. Yet he points to no record evidence supporting the accusation of perjury or his claim that he was never involved in the earlier litigation. On the contrary, the record on appeal includes a copy of the magistrate judge's 1992 report recommending dismissal of Mr. Coando's complaint as frivolous and the imposition of filing restrictions, and the district court order adopting the report and recommendation. This claim must fail.

Finally, Mr. Coando appears to allege that an order of this court was improperly altered. Again, no evidence of record supports the allegation.

We AFFIRM the order of the district court.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge