FILED
United States Court of Appeals
Tenth Circuit

March 11, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

AARON RAISER,

Plaintiff-Appellant,

v.

LOUISE YORK, in her individual
capacity; BRETTA PIRIE, in her
individual capacity; JUDGE TENA
CAMPBELL, in her individual and
official capacity; JUDGE DEE
BENSON, in his individual and
official capacity,

Defendants-Appellees.

No. 10-4158
(D.C. No. 2:10-CV-00728-TC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **ANDERSON**, and **TACHA**, Circuit Judges.

Aaron Raiser attempts to appeal the district court's refusal to file his

complaint for non-compliance with filing restrictions. Raiser initiated this appeal

---

[*]  After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and sought leave to proceed in forma pauperis (IFP), but he has since moved to stay and transfer these proceedings to another circuit, claiming staff members of this court were involved in the wrongful dismissal of his prior appeals. We denied him IFP status, finding no non-frivolous issues, but Raiser timely paid his filing fee. We now dismiss the appeal for lack of jurisdiction.

Raiser's demonstrated propensity to litigate in federal court compelled the Chief Judge of the District of Utah to designate him a restricted litigant.[1] Under that designation, Raiser was restricted from proceeding pro se in the district court as follows:

> (1) any new civil complaint [Raiser] sends to this court for filing will be collected by the Clerk of Court and sent to a Magistrate Judge for review; (2) the Magistrate Judge will review the complaint to determine whether it is meritorious, duplicative or frivolous; (3) if the Magistrate Judge determines that the complaint is without merit, duplicative or frivolous, the Magistrate Judge will forward the complaint to the Chief Judge for further review; and (4) only with the consent of the Chief Judge will the complaint be filed. Further, all of Mr. Raiser's *pro se* pleadings must be certified as provided by Federal Rule of Civil Procedure 11.

*In re Raiser*, No. 2:06-MC-382-TC, 2008 WL 161307, at *8 (D. Utah Jan. 15, 2008).

Notwithstanding these restrictions, Raiser attempted to file a proposed complaint. Accordingly, a magistrate judge reviewed the pleading and found it to

---

[1] We recounted Raiser's extensive litigation history when we affirmed the district court's filing restrictions. *See In re Raiser*, 293 F. App'x 619, 620 n.1 (10th Cir. 2008).

be duplicative. Thereafter, the Chief Judge reviewed the proposed complaint and directed that it not be filed. *See* R., Vol. 1 at 5. When the court alerted Raiser his complaint would not be filed, he appealed to this court, arguing that due process compelled the district court to file his complaint. He also claimed the Chief Judge should have recused and transferred the matter. While his appeal was pending, Raiser moved to transfer this case to another circuit, alleging wrongdoing on the part of this court's staff.

Affording Raiser's pro se materials a liberal construction, *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we cannot resolve these issues because we lack jurisdiction over this appeal. The district court never filed the proposed complaint and never accepted jurisdiction over Raiser's case; Raiser therefore has no right to an appeal. Although he seeks to compel the district court to file his complaint, we decline to construe this appeal as a petition for a writ of mandamus because mandamus relief is inappropriate under these circumstances. *See Werner v. Utah*, 32 F.3d 1446, 1447-48 (10th Cir. 1994). Raiser has not shown he has a clear and indisputable right to mandamus relief. *See id.* at 1447. Nor has he shown he has been effectively excluded from federal court. *See id.* Raiser frames his issue in terms of due process, but "[h]e has no absolute, unconditional right of access to the courts and no constitutional right of access to

-3-

prosecute frivolous or malicious actions."[2] *Id.* Accordingly, this appeal is

DISMISSED for lack of jurisdiction. All outstanding motions and requests for

relief are DENIED as moot.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

[2] Raiser's proper means of redress would be to demonstrate he complied with the district court's filing restrictions and his complaint was not duplicative. On this score, he attempts to distinguish his complaint from his numerous prior actions on the grounds that it named different defendants and invoked a different cause of action. But Raiser himself concedes that "[n]o one can say for sure" whether this case is duplicative. Aplt. Br. at 7. And we have no way of knowing because the proposed complaint is not included in Raiser's appellate materials. Thus, even if we were to construe Raiser's brief as a request for mandamus, he would still fail to demonstrate he is entitled to relief.