FILED
United States Court of Appeals
Tenth Circuit

October 15, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRYAN JAMES STEINMETZ,

Plaintiff-Appellant,

v.

JOHN J. ROMERO, individually and in his official capacity as Second Judicial District Children's Court Judge; STATE OF NEW MEXICO CHILDREN, YOUTH AND FAMILIES DEPARTMENT; TED A. MARTINEZ, individually and in his official capacity as NM CYD Children's Court attorney; WILLIAM C. HERRING, individually and in his official capacity as Guardian ad Litem; NEW MEXICO CHILD ABUSE & NEGLECT CITIZEN REVIEW BOARD; CORRINE CARMONY, individually and in her official capacity as CA&NCRB member; MITCH YOAKUM, individually and in his official capacity as CA&NCRB member; MARY ANN COPAS, individually and in her official capacities as NM CA&NCRB Statewide Advisory Committee Executive Board Member and New Mexico Friends of Foster Children Chair; DEBBIE SANT, individually and in her official capacities as NM CA&NRCB Citizen Review Board Staff, New Mexico Area Regional Specialist and CRB Board Member; SHARON BERNSTEIN, individually and in her official capacity as NM CYFD Social Worker; LEANNA

No. 12-2090

(D. N.M.)

(D.C. No. 1:12-CV-00147-MCA-LFG)

MONTANO, individually and in her official capacity as NM CYFD Permanency Planning Worker; ELIZABETH ATENCIO, individually and in her official capacity as Victim Advocate; SUSAN CAROL STEINMETZ,

Defendants-Appellees.

## ORDER AND JUDGMENT[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Bryan James Steinmetz appeals the district court's dismissal of his complaint seeking the court's intervention into a state child custody proceeding. He appeals the district court's imposition of filing restrictions. He requests leave to proceed *in forma pauperis* (IFP) on appeal. He also seeks a stay of the state court proceedings.

We have jurisdiction under 28 U.S.C. § 1291. We AFFIRM the district court's dismissal and imposition of filing restrictions. We DENY Steinmetz's

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

request to proceed IFP on appeal.  We also DENY Steinmetz's motion to stay state court proceedings.

## I.  BACKGROUND

Steinmetz is currently party to ongoing child custody and abuse/neglect proceedings in New Mexico state court.  Claiming that the state court was violating his constitutional rights, Steinmetz filed a complaint in the district court seeking an injunction and alleging violations of 42 U.S.C. § 1983.  The district court dismissed his complaint pursuant to 28 U.S.C. § 1915.  The court noted this was the third time that Steinmetz had sought the intervention of the district court in the pending state court proceedings.  In 2008, he had filed a complaint seeking a temporary restraining order against his wife, which the district court promptly dismissed.  In June 2011, Steinmetz had unsuccessfully sought removal to the district court of a petition alleging abuse and neglect filed by the New Mexico Children, Youth, and Families Department.  In denying removal, the district court had reminded Steinmetz that "federal courts do not have jurisdiction over child-custody matters, even when he claims that his constitutional rights are being violated."  R., Vol. I at 77.

With respect to the most recent filing, the district court found that Steinmetz's claims were frivolous.  The district court noted the mandatory abstention doctrine, *Younger v. Harris*, 401 U.S. 37 (1971), required dismissal of the case.  The court also found Steinmetz failed to allege facts sufficient to state a

claim under § 1983. The state court judge who allegedly violated Steinmetz's rights was, in general, immune for his official actions "and no facts give rise to the limited exception permitting suit against him for declaratory relief." R., Vol. I at 80. Steinmetz also failed to allege facts sufficient to make a claim against any other of the individually named defendants. Accordingly, the district court denied Steinmetz permission to proceed IFP and dismissed the case pursuant § 1915(e). The court also ordered Steinmetz to show cause why filing restrictions should not be imposed. After the court found Steinmetz's response and motion for reconsideration inadequate, it imposed filing restrictions. Steinmetz now appeals the district court's imposition of filing restrictions and dismissal of his complaint. He requests from this court permission to appeal IFP—after the district court certified that the appeal was not being taken in good faith. Steinmetz also filed a motion seeking a stay of the state court proceedings.

## II. DISCUSSION

"We generally review a district court's dismissal for frivolousness under § 1915 for abuse of discretion." *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). "A district court may deem an in forma pauperis complaint frivolous only if it lacks an arguable basis either in law or in fact." *Id.* (quotations omitted). Furthermore, we will

> approve[] [filing] restrictions placed on litigants with a documented
> lengthy history of vexatious, abusive actions, so long as the court
> publishes guidelines about what the plaintiff must do to obtain court

-4-

permission to file an action, and the plaintiff is given notice and an opportunity to respond to the restrictive order.

*Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994).

Here, the district court was undeniably correct in dismissing Steinmetz's claim as frivolous. Steinmetz had no basis in law or fact for requesting an injunction against the New Mexico state court, given this court's longstanding adherence to the *Younger* doctrine that federal courts must abstain from state court proceedings when "the state court provides an adequate forum to hear the claims raised in the federal complaint, and [] the state proceedings involve important state interests, matters which traditionally look to state law for their resolution." *Brown ex rel. Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)). As the district court noted, Steinmetz can raise any due process concerns related to the child custody proceedings on appeal in state court after a final judgment. Additionally, his complaint was deficient on the § 1983 claim because it alleged no facts sufficient to constitute a violation by any one of the individually named plaintiffs, save for the conduct by Judge Romero, who enjoys official immunity. Accordingly, the district court did not abuse its discretion in dismissing Steinmetz's claim as frivolous.

The district court was also correct to impose filing restrictions. Though this was only the third filing in federal district court related to the state court

domestic relations disputes, it largely repeated his previous claims.  While his track-record of frivolous filings is much shorter than that of the plaintiff in *Werner*, who filed over fifty cases in federal district court,  32 F.3d at 1446, Steinmetz's claims need not approach fifty to be "vexatious" and "abusive," nor do they need to be filed in subjective bad faith.  *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992) (approving district court's order imposing filing restrictions, which noted "subjective good faith . . . is not a factor").  His complaint was related to the same child custody/domestic relations dispute that was the basis of his prior filings, and largely rehashed arguments that the district court had already rejected.  The court gave Steinmetz the opportunity to respond and laid down reasonably restrictive procedures if he wishes to file in the future. As such, the restrictions were appropriate.

### III.  CONCLUSION

Accordingly, we AFFIRM for substantially the same reasons as provided by the district court.

We also DENY Steinmetz's request to proceed on appeal IFP.  Because we have already concluded Steinmetz's claims are frivolous—and rehash arguments that have previously been rejected—we agree with the district court's certification that the appeal is not taken in good faith.

Finally, we also DENY Steinmetz's motion to stay the state court proceedings.  As mentioned above, Steinmetz may raise any due process

-6-

concerns, including the alleged impartiality of Judge Romero, in his state court appeal after a final judgment has been entered. This court has no authority to intervene.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge