**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EARL CROWNHART,

    Plaintiff - Appellant,

v.

CYNDI JONES,

    Defendant - Appellee.

No. 19-1470
(D.C. No. 1:19-CV-03389-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.[**]
_____

Plaintiff Earl Crownhart filed a pro se complaint against Defendant Cyndi

Jones alleging claims involving a residential lease and housing dispute. Based on

Plaintiff's history of filing numerous frivolous actions, the district court, in a

previous case, permanently enjoined Plaintiff from filing any civil actions in the

District of Colorado without representation by a Colorado-licensed attorney unless he

first obtains leave of court from a judicial officer to proceed pro se. *See Crownhart v.*

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

*Suthers*, No. 1:13-cv-00959-LTB (D. Colo. June 14, 2013). Because Plaintiff was not represented by a Colorado-licensed attorney and had not sought or obtained leave of court to proceed pro se, the court dismissed the action without prejudice.

On appeal, Plaintiff reiterates his complaint's allegations and asserts without explanation that the district court's refusal to review the merits of his claims violates his due-process rights. We review a district court's application of a previously-imposed filing restriction for abuse of discretion. *See In re Peterson*, 338 F. App'x 763, 764 (10th Cir. 2009). We are satisfied that the court did not abuse its discretion because Plaintiff failed to abide by the restriction, neither obtaining representation nor seeking leave of court before filing the action, and he presents no explanation on appeal as to how application of the restriction violated his due-process rights. *See Coando v. Dominion Expl. Prod., Inc.*, 171 F. App'x 253, 254 (10th Cir. 2006); *see also Smith v. Krieger*, 389 F. App'x 789, 799 (10th Cir. 2010) (properly imposed filing restrictions do not violate constitutional due-process rights).

Accordingly, we **AFFIRM** the district court's dismissal of the action. We **DENY** Plaintiff's motion to proceed *in forma pauperis* on appeal[1] and remind him of

---

[1] The district court denied Plaintiff's application to proceed IFP and certified that any appeal would not be taken in good faith, *see* 28 U.S.C. § 1915(a)(3), which precludes IFP status on appeal unless we conclude that Plaintiff's appeal contains a nonfrivolous argument, *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007). The appeal is frivolous because Plaintiff's only challenge to the court's decision is his unexplained *ipse dixit* that dismissal violated his due-process rights. *See Crownhart v. Muller*, 575 F. App'x 834, 836 (10th Cir. 2014); *Crownhart v. Suthers*, 531 F. App'x 906, 907 (10th Cir. 2013).

2

his obligation to pay his appellate filing fee in full.

Entered for the Court


Monroe G. McKay
Circuit Judge