FILED
United States Court of Appeals
Tenth Circuit

### UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT
_____

**April 17, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

GANIYU AYINLA JAIYEOLA,

    Plaintiff - Appellant,

v.

GARMIN INTERNATIONAL, INC.,

    Defendant - Appellee.

No. 23-3174
(D.C. No. 2:20-CV-02068-EFM-ADM)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

We previously upheld the district court's order prohibiting Mr. Jaiyeola from filing any further pleadings in District of Kansas Case No. 20-CV-2068 without court authorization. *Jaiyeola v. Garmin Int'l, Inc.*, No. 22-3245, 2023 WL 4417480, at *2 (10th Cir. July 10, 2023). After the filing restrictions became effective, Mr. Jaiyeola sought permission from the district court to file two Fed. R. Civ. P. 60 motions. The district court denied him permission and ordered that the pleadings not be filed but

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that they instead be returned to Mr. Jaiyeola.  He now appeals from that order.[1]

Mr. Jaiyeola asks us to (1) construe his appeal as a petition for a writ of mandamus;

(2) order the district court to file his motions; and (3) order that a new district court

judge be assigned to this case on remand.  We will treat his appeal as a petition for a

writ of mandamus, but we otherwise deny the requested relief.

## BACKGROUND

We previously summarized the procedural history of this case as follows:

> Mr. Jaiyeola sued Garmin in February 2020, alleging it discriminated
> against him in violation of several federal statutes when it failed to hire
> him.  The district court, however, ultimately dismissed Mr. Jaiyeola's suit
> as a sanction for his abusive litigation conduct.  This court affirmed the
> dismissal.  *See Jaiyeola v. Garmin Int'l, Inc.*, Nos. 21-3114, 21-3169, 2022
> WL 1218642, at *1 (10th Cir. Apr. 26, 2022).  Mr. Jaiyeola filed a petition
> for panel and en banc rehearing, which this court denied.  After the
> dismissal and this court's affirmance of the same, Mr. Jaiyeola filed a
> motion for relief under Fed. R. Civ. P. 60(b)(4) in which he argued the
> judgment against him was void.

> The district court denied that motion.  Mr. Jaiyeola filed a motion to
> reconsider that denial, which the district court also denied.  Mr. Jaiyeola
> then filed a motion to reconsider the denial of his motion for
> reconsideration.  The district court denied that motion and also imposed
> filing restrictions on Mr. Jaiyeola.

*Jaiyeola*, 2023 WL 4417480, at *1 (record citation and internal quotation marks omitted).

The filing restrictions that we upheld require Mr. Jaiyeola to "mail or

otherwise deliver his submissions to the Clerk of the Court, who shall forward them

to a judge of this Court for determination whether the motion or other filings is

lacking in merit, duplicative, frivolous, or malicious."  R., vol. IV at 173.  The order

---

[1] Mr. Jaiyeola proceeds pro se, so "we liberally construe his filings, but will not act as his advocate."  *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

further provides that "[t]he Court will either allow the filing or issue an Order denying it." *Id.*

In September 2023, Mr. Jaiyeola mailed two motions to the district court. These motions sought leave to file (1) a Fed. R. Civ. P. 60(b)(4) motion challenging the district court's order in this case dated September 29, 2022, denying Mr. Jaiyeola's motion to reconsider; and (2) a Fed. R. Civ. P. 60(d)(3) motion challenging the district court's memorandum and order of June 24, 2021, dismissing this action with prejudice. The district court rejected these filings and returned them to Mr. Jaiyeola. It concluded that "[a]s the dismissal of this case had twice been affirmed by the Tenth Circuit, and several times had a motion seeking some form of reconsideration of such orders [been] denied, yet two other attempted bites at the apple were frivolous and vexatious, and merited the invocation of the filing restrictions previously filed and affirmed." R., vol. V at 33.

## DISCUSSION

Mr. Jaiyeola asks us to construe his notice of appeal as a petition for a writ of mandamus. We have construed challenges to the district court's enforcement of filing restriction orders as seeking mandamus relief. *See Werner v. Utah*, 32 F.3d 1446, 1447 (10th Cir. 1994). But Mr. Jaiyeola has failed to show his entitlement to a writ of mandamus.

Mandamus relief is appropriate where a petitioner has established a "clear abuse of discretion or conduct amounting to usurpation of judicial power," which can include circumstances "when a petitioner is effectively excluded from federal court."

3

*Id.* But no such abuse of discretion or usurpation of power has occurred in this case. Notably, "the right of access to the courts is neither absolute nor unconditional." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) (internal quotation marks omitted).

We previously upheld the district court's order restricting Mr. Jaiyeola's filings. *Jaiyeola,* 2023 WL 4417480, at *2. This order was imposed due to his abusive litigation practices in district court. He fails to show that under the terms of the order "the district court so clearly abused its discretion or usurped its power in refusing to file [his motions] that mandamus relief would be appropriate," *Werner*, 32 F.3d at 1448.

In reaching this conclusion, we have examined the proposed filings and Mr. Jaiyeola's appellate arguments concerning them. As for Mr. Jaiyeola's proposed Rule 60(b)(4) filing, we note the district court previously entertained numerous post-judgment motions in this proceeding, including his prior Rule 60(b)(4) motion asserting that its judgment was void. Mr. Jaiyeola now asserts he has discovered an error in the order denying reconsideration from Rule 60(b)(4) relief that makes that order "void" under Rule 60(b)(4) as well. Aplt. Br. at 22. We discern no abuse of discretion in the district court's rejection of this proposed filing. Mr. Jaiyeola has had ample opportunity to litigate this matter and to present his arguments, including

4

arguments about the Rule 60(b)(4) order. Notably, we previously affirmed the district court's order denying Mr. Jaiyeola's *second* motion for reconsideration from the order denying Rule 60(b)(4) relief. *See Jaiyeola*, 2023 WL 4417480, at *2. This new filing merely launches a further, successive attack on that post-judgment motion and seeks to needlessly prolong this dispute.

As for Mr. Jaiyeola's proposed Rule 60(d)(3) filing, it seeks to challenge the order entered in June 2021 dismissing this action with prejudice as a sanction. As grounds for his attack, Mr. Jaiyeola argues that Garmin's in-house attorney directed a manager at Garmin to change Mr. Jaiyeola's job interview record, thus committing a "fraud on the Court." Aplt. Br. at 24.[2] But the district court did not dismiss this action based on Mr. Jaiyeola's job interview record. It dismissed the action because Mr. Jaiyeola violated its order against filing further frivolous motions, including successive motions seeking to disqualify the district court judge and a magistrate judge. *See* R., vol. III at 277-87. The district court did not abuse its discretion or usurp its power by declining to file the proposed Rule 60(d)(3) motion.

To the extent Mr. Jaiyeola attempts to collaterally challenge the district court's underlying filing restrictions order of November 9, 2022, as overbroad, burdensome, and unconstitutional, *see* Aplt. Br. at 18-19, he could have raised such a challenge in

---

[2] The proposed motion also mentions other statements Garmin's counsel made to the court that Mr. Jaiyeola characterizes as "lies." R., vol. V at 84-85. But Mr. Jaiyeola focuses his appellate argument on the job interview record, and in any event these other alleged "lies" are not directly relevant to the district court's reasons for dismissing this case.

his previous appeal, and we will not consider it in this enforcement proceeding. *See Werner*, 32 F.3d at 1448 (if a petitioner disagrees with the district court's filing restrictions, he should file an appeal from the order establishing the restrictions, not seek to raise objections in a later mandamus petition challenging their enforcement).

Finally, we note that Mr. Jaiyeola's successive, meritless post-judgment filings concerning this litigation, and his appeals from their denial, are an abuse of the federal judicial system. Because his repetitive filings must come to an end, we warn him that any additional meritless and repetitive appellate filings concerning this case may result in the imposition of filing restrictions in this court.

## CONCLUSION

We deny Mr. Jaiyeola's request for mandamus relief. We deny as moot his request to assign a different district court judge to preside over this case on remand.

Entered for the Court

Carolyn B. McHugh
Circuit Judge