**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 25, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

MICHAEL VILLECCO,

      Plaintiff - Appellant,

v.

JOSEPH M. BARELA, in his official
capacity as Executive Director of the
Colorado Department of Labor and
Employment,

      Defendant - Appellee.

No. 24-1258
(D.C. No. 1:21-CV-02176-DDD-STV)
(D. Colo.)

_____

MICHAEL VILLECCO,

      Plaintiff - Appellant,

v.

PHILIP E. SPESSHARDT, in his official
capacity as Director of the Division of
Unemployment Insurance, Colorado
Department of Labor and Employment,

      Defendant - Appellee.

No. 24-1259
(D.C. No. 1:23-CV-01265-DDD-STV)
(D. Colo.)

_____

MICHAEL VILLECCO,

      Plaintiff - Appellant,

v.

PHILIP E. SPESSHARDT; JOSEPH M.
BARELA; CHER R. HAAVIND; DANIEL
CHASE,

No. 24-1260
(D.C. No. 1:23-CV-02029-DDD-STV)
(D. Colo.)

Defendants - Appellees.

_____

MICHAEL VILLECCO,

     Plaintiff - Appellant,

v.

JOSEPH M. BARELA, in his official
capacity as Executive Director of the
Colorado Department of Labor and
Employment; PHILIP E. SPESSHARDT,

     Defendants - Appellees.

No. 24-1261
(D.C. No. 1:22-CV-02403-DDD-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **KELLY**, and **ROSSMAN**, Circuit Judges.[**]
_____

Plaintiff-Appellant Michael Villecco appeals from the district court's orders

striking his identical motions to vacate adverse judgments claiming fraud under Fed.

R. Civ. P. 60(b)(6).  In a brief, text-only order, the district court struck the motions

for failure to comply with its previously imposed filing restrictions.  On appeal, Mr.

Villecco claims that the district court provided an insufficient explanation for striking

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

the motions and urges this court to decide his motions in the first instance. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

Mr. Villecco has filed numerous claims related to the denial of his applications for uninsurance benefits and pandemic unemployment assistance, including claims against Defendants-Appellees Joseph Barela and Philip Spesshardt. All four underlying district court cases have been dismissed, one for failure to state a claim and three for failure to prosecute. The district court dismissed the four cases on September 19, 2022 (I R. (24-1258) 8 (ECF No. 68)), February 17, 2023 (II R. (24-1261) 8 (ECF No. 58)), December 6, 2023 (I R. (24-1259) 6 (ECF No. 52)), and February 9, 2024 (I R. (24-1260) 7–8 (ECF No. 60)). Mr. Villecco continued to file numerous post-judgment motions in the four cases. In December 2023, the district court imposed filing restrictions on Mr. Villecco in three of the four cases requiring him to comply with preliminary steps provided by the court. II R. (24-1259) 23–25 (restrictions recommended by magistrate judge); 34–35 (order adopting restrictions). The same restrictions were expanded to the remaining case in February 2024. I R. (24-1260) 8 (ECF No. 62) (text order adopting restrictions), 62–72 (ECF No. 54) (restrictions recommended by magistrate judge).

On May 14, 2024, Mr. Villecco filed four identical motions to vacate judgments, stating that he believed defendants had perpetrated a fraud on the court in submitting a declaration in response to a motion for preliminary injunction. Mr. Villecco did not seek or receive leave to file these motions to vacate judgments. On

3

May 15, 2024, the district court struck the motions for non-compliance with its filing restrictions.[1]

Our review of the district court's application of previously-imposed filing restrictions is for an abuse of discretion. Tripati v. Beaman, 878 F.2d 351, 354 (10th Cir. 1989) (per curiam) (recognizing district court's discretion in selecting filing restrictions); Zhu v. Kansas Dep't of Health & Env't, Nos. 23-3176, & 23-3177, 2024 WL 3323980, at *2 (10th Cir. July 8, 2024).

Mr. Villecco argues that he complied with the district court's pre-clearance procedures for filing, but the record is otherwise as to these motions.[2] He did not seek leave to file by petitioning the Clerk. Nor did he submit a copy of the Order specifying the pre-clearance requirements, a proposed pleading, and a notarized affidavit certifying that his legal arguments were not made in bad faith, and were warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and were not interposed for any improper purpose, and that he would comply with all federal and local rules.[3] These requirements are

---

[1] After the notices of appeal in these cases were filed, this court restricted him from appealing in forma pauperis "any post-judgment order in a civil case if his appeal from the final judgment in that case was dismissed for failure to prosecute." Villecco v. Barela, Nos. 24-1006 & 24-1008, 2024 WL 2697687, at *4 (10th Cir. May 24, 2024).

[2] Subsequently, Mr. Villecco has unsuccessfully petitioned to file his motions in the district court. Those orders denying him leave to file are not before us in these appeals.

[3] Mr. Villecco made the representations under penalty of perjury in his filing.

similar to requirements this court has imposed pursuant to 28 U.S.C. § 1651(a) in regulating (and limiting) abusive filings. See Werner v. Utah, 32 F.3d 1446, 1449 (10th Cir. 1994).

Although Mr. Villecco argues this court should resolve his motions in the first instance, we are not persuaded. As an appellate court, we rarely decide legal issues in the first instance and this is hardly a case where resolution (in favor of Mr. Villecco) is beyond doubt, or injustice would result from following our usual course. See Singleton v. Wulff, 428 U.S. 106, 120 (1976); Lyons v. Jefferson Bank & Tr., 994 F.2d 716, 721 (10th Cir. 1993). To the contrary, it would undermine the district court's ability to control its docket and allocate judicial resources efficiently. The district court did not abuse its discretion and its orders are

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

5