**FILED**
**United States Court of Appeals**
**Tenth Circuit**

### UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**February 9, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CEDRIC GREENE,

     Plaintiff - Appellant,

v.

FIRST TO SERVE INC.,

     Defendant - Appellee.

_____

CEDRIC GREENE,

     Plaintiff - Appellant,

v.

7-ELEVEN,

     Defendant - Appellee.

No. 21-1246
(D.C. No. 1:21-CV-01611-LTB)
(D. Colo.)

No. 21-1278
(D.C. No. 1:21-CV-01922-LTB)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Cedric Greene initiated the underlying cases by filing two pro se pleadings in the district court without complying with filing restrictions the district court had previously imposed upon Greene.  The district court dismissed the actions because of his failure to comply with the filing restrictions, and Greene appealed.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.  We also expand the filing restrictions that we previously imposed upon Greene, subject to any objections he may file within ten days from the date of this decision.

I

Greene is a California resident who is under filing restrictions in this and numerous other courts due to his prolific and abusive litigation history.  *See, e.g., Greene v. Sprint Nextel Corp.*, 750 F. App'x 661, 666-67 & nn. 2, 3 (10th Cir. 2018) (describing Greene's lengthy history of "duplicative, abusive, and frivolous litigation" that resulted in the imposition of filing restrictions in this court, the Ninth Circuit, and the United States District Courts for the Districts of Kansas and Utah, as well as other federal district courts in California and Nevada).  In 2019, the United States District Court for the District of Colorado became yet another court to impose filing restrictions upon Greene, noting he had filed some nine other actions, many of which were dismissed for improper venue, lack of jurisdiction, or both.  *See* Order Dismissing Action & Imposing Filing Restrictions at 5-6, *Greene v. Off. of Comptroller*, No. 19-CV-821 (D. Colo. June 13, 2019), ECF No. 10.  Although Greene appealed that decision, he did not challenge the

2

district court's filing restrictions, and we affirmed. *See Greene v. Off. of Comptroller*, 776 F. App'x 983, 984 (10th Cir. Sept. 13, 2019).

Without complying with the district court's restrictions, Greene attempted to file the two pro se actions underlying these appeals. In the case underlying No. 21-1246, he filed a "Motion and Request to Lift Filing Sanctions and Request to Initiate a *Pro Se Civil Filing*." R. at 3. Although his pleading is largely unintelligible, he purported to name First to Serve Inc., as a defendant and suggested venue was proper in Colorado, not in California. And in the case underlying No. 21-1278, Greene filed an "Application for an Order to Lift Filing Requirements for Civil Processing Purposes and Judicial Notice Request." R. at 3. This pleading purported to name 7-Eleven as a defendant and was similarly unintelligible, although it appears to have requested that the district court take judicial notice of evidence demonstrating that venue was proper in Colorado. The district court dismissed both cases for failure to comply with its filing restrictions, which the court refused to lift, and Greene appealed.

II

We review the district court's dismissal for abuse of discretion. *See Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (reviewing sanction of dismissal for failure to follow court order and rules for abuse of discretion). There was no abuse of discretion here. The district court's filing restrictions required Greene to file a proposed pleading and seek leave to proceed pro se; he was also required to provide the district court clerk with: A) a list of all his pending and previous lawsuits filed in the District of Colorado and the status of all such lawsuits; B) a statement of the issues and whether they had been

3

previously raised; and C) a notarized affidavit certifying that his arguments were not frivolous or made in bad faith, that they were warranted by the law or a good-faith argument for alteration of the law, that venue was proper, that the action was not brought for any improper purpose, and that he would comply with all applicable court rules. *See* Order Dismissing Action & Imposing Filing Restrictions at 6-7, *Off. of Comptroller*, No. 19-CV-821. Greene did not comply with these requirements.

Nonetheless, Greene asks that we "exonerate" him from the district court's filing restrictions. *See* No. 21-1246, Aplt. Br. at 3; *see also* No. 21-1278, Aplt. Br. at 2. But if he wished to challenge the district court's filing restrictions, he was required to challenge them in his appeal of the order that imposed them. *See Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994) (per curiam) ("[I]f petitioner disagrees with the district court's filing restrictions, his avenue for review is an appeal from the order establishing the restrictions."). He did not. *See Off. of Comptroller*, 776 F. App'x at 984. And he may not collaterally challenge them now in this appeal. *See Stine v. Fed. Bureau of Prisons*, 506 F. App'x 846, 848 (10th Cir. 2013) ("[T]o the extent Plaintiff is challenging the terms or scope of the filing restrictions, he cannot collaterally attack those restrictions in this proceeding . . . ."). We therefore affirm the district court's dismissal of Greene's two actions for failing to comply with that court's filing restrictions.

III

FILING RESTRICTIONS

We next expand the filing restrictions that we previously imposed upon Greene. "Federal courts have the inherent power to regulate the activities of abusive litigants by

4

imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010). Filing restrictions "are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007).

When we imposed our current filing restrictions, we observed that "[t]his court and numerous district courts repeatedly [had] explained [to Greene] the jurisdictional and venue requirements to file a claim in a given federal court," but "Greene . . . repeatedly ignored these explanations and simply reasserted the same meritless claims in another federal district." *Sprint Nextel Corp.*, 750 F. App'x at 665-66. We had also previously cautioned Greene that his abuse of the appellate process could lead to filing restrictions. *Id.* at 666. We therefore enjoined him from filing further appeals raising issues similar to those he raised in ten particular appeals, all of which unsuccessfully challenged the district court's dismissals for lack of jurisdiction, improper venue, or failure to state a claim, *see id.* at 663-66; we also enjoined him from filing appeals asserting that either the district court or this court should waive subject matter jurisdiction, *see id.* at 666-67.

Since we imposed appellate filing restrictions, Greene has filed twenty-eight appeals in this court, eight of which are still pending, including the two presently before us. Of the twenty appeals that have been adjudicated, eleven fell within the scope of our filing restrictions and were dismissed accordingly. *See Greene v. Hous. Auth. of Los Angeles*, No. 19-1365 (10th Cir. Oct. 22, 2019); *Greene v. Pac. Shore Prop. Mgmt.*,

5

Nos. 19-1473, 19-1474 (10th Cir. Jan. 14, 2020); *Greene v. Delgado*, No. 19-1485 (10th Cir. Jan. 16, 2020); *Greene v. Off. of the Comptroller*, No. 20-1015 (10th Cir. Jan. 31, 2020); *Greene v. J.P. Morgan Chase, Nat'l Ass'n.*, No. 20-1072 (10th Cir. Mar. 13, 2020); *Greene v. Direct TV Inc.*, No. 20-1098 (10th Cir. Apr. 21, 2020); *Greene v. Access Servs., Inc.*, No. 19-1447 (10th Cir. June 5, 2020); *Greene v. U.S. Dep't of Hous. & Urban Dev.*, No. 20-1212 (10th Cir. July 7, 2020); *Greene v. No Named Defendants*, No. 21-1226 (10th Cir. July 1, 2021); *Greene v. Los Angeles Cnty. Metro. Transp. Auth.*, No. 21-1369 (10th Cir. Nov. 4, 2021).  In the rest of Greene's appeals, we either affirmed the district court's dismissal, *see Greene v. Off. of the Comptroller*, 776 F. App'x at 984; *Greene v. U.S. Postal Serv.*, 795 F. App'x 581, 584 (10th Cir. 2019); *Greene v. Denver Cnty. Ct.*, Nos. 21-1051, 21-1070, 21-1245, 2021 WL 4272901, at *2 (10th Cir. Sept. 21, 2021), or dismissed the appeals for lack of prosecution, *see Greene v. Comm'r*, No. 19-1189 (10th Cir. Nov. 5, 2019); *Greene v. Harris*, No. 19-1403 (10th Cir. Sept. 3, 2020); *Greene v. Comm'r*, No. 19-1467 (10th Cir. Nov. 19, 2020), or lack of jurisdiction, *see Greene v. Gomez*, No. 19-1097 (10th Cir. Apr. 4, 2019).

The underlying cases here represent a new category of non-meritorious appeals in which Greene made no effort to comply with the district court's filing restrictions, the district court dismissed based on his noncompliance, and Greene appealed, attempting to circumvent the district court's filing restrictions without having challenged them when they were imposed.  Greene took a similar course in several of his other appeals.  *See Denver Cnty. Ct.*, 2021 WL 4272901, at *1-2.  And while we offer no opinion on his pending appeals, we note some of them appear to fall in this category because Greene

6

appeals from either a dismissal for noncompliance or from an order denying his motions to reopen or reconsider the dismissal order. *See Greene v. CVS, Inc.*, No. 21-1366; *Greene v. Frontier Airlines*, No. 21-1395; *Greene v. Charter Spectrum*, No. 21-1447.

Further, Greene's appeals have involved a host of different defendants, including individuals, private companies, and government entities, but none have been successful and many were frivolous. Moreover, notwithstanding the breadth of defendants named and the subject matter implicated, Greene has also persisted in prosecuting repetitive or duplicative litigation despite our prior admonishments. *See, e.g.*, *Greene v. U.S. Postal Serv.*, 795 F. App'x 581, 584 & n.3, No. 19-1305 (10th Cir. Nov. 27, 2019) (recognizing "we've previously dismissed a virtually identical suit, *Greene v. U.S. Postal Serv.*, 745 F. App'x 299 (10th Cir. 2018)," which involved the same subject matter as another suit Greene brought in the Western District of Washington, which was also dismissed, as was the appeal from that decision to the Ninth Circuit). These abusive tactics have consumed our limited judicial resources and precipitated our repeated warnings that we would impose further filing restrictions upon Greene, *see Denver Cnty. Ct.*, 2021 WL 4272901, at *2. But he has been undeterred. Given the sheer breadth, quantity, and lack of merit to Greene's appeals, coupled with his complete disregard for the district court and this court's filing restrictions, additional filing restrictions are warranted. *See Ketchem v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992) (approving filing restrictions against a pro se litigant and recognizing "that a pattern of . . . groundless and vexatious litigation will justify . . . enjoining him from filing any claims without first seeking prior leave of court" (internal quotation marks omitted)).

7

Accordingly, we enjoin Greene from filing further pro se civil appeals in this court

unless he first obtains permission to proceed pro se.  *See Werner*, 32 F.3d at 1449

(enjoining pro se matters in this court without prior leave of court); *Winslow v. Hunter*

*(In re Winslow)*, 17 F.3d 314, 316 (10th Cir. 1994) (per curiam) (enjoining pro se appeals

and original proceedings without prior leave of court).  If Greene wishes to initiate a civil

appeal in this court, he must either be represented by a licensed attorney admitted to

practice in this court or obtain permission to proceed pro se by taking the following steps:

1.  File a petition with the Clerk requesting leave to proceed pro se;

2.  Include with his petition a list of all civil appeals pending or previously filed in this court, including the name and number of each appeal and its current status or disposition;

3.  File with the Clerk a notarized affidavit, in proper legal form, that recites the issues he seeks to present, including a short discussion of the legal basis asserted therefor, and describing with particularity the order being challenged. The affidavit must also certify, to the best of his knowledge, that the legal arguments being raised are not frivolous or made in bad faith; that they are warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; that the proposed matter is not interposed for any improper purpose, such as delay or to needlessly increase the cost of litigation; that the claims he wishes to present have never been raised by him except in the district court in the present case, nor finally disposed of by any federal or state court; and that he will comply with all appellate and local rules of this court.

Greene shall submit these filings to the Clerk of the Court, who will review

them for compliance with the above restrictions.  The Clerk will dismiss the appeal

for failure to prosecute if Greene does not fully comply with the above restrictions.

If Greene fully complies with the filing restrictions, the Clerk will forward his filings

to the Chief Judge or his designee to determine whether to permit Greene's proposed

8

pro se civil appeal to proceed. If the Chief Judge or his designee does not grant authorization, the Clerk will dismiss the matter on behalf of the court. If the Chief Judge or his designee grants authorization, the Clerk will enter an order directing that the matter may proceed in accordance with, and that Greene must comply with, the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

Greene shall have ten days from the date of this order and judgment to file written objections, limited to fifteen pages, to these proposed filing restrictions. Unless this court orders otherwise upon review of any objections, the restrictions shall take effect twenty days from the date of this order and judgment and shall apply to any appeal filed by Greene after that time.

IV

Finally, Greene seeks leave to proceed on appeal without prepayment of the necessary filing fees. To proceed on appeal without prepayment, Greene "must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Greene's appeals are frivolous, and we deny his motions to proceed without prepayment of the requisite filing fees.

V

The district court's judgments are affirmed. The foregoing proposed filing restrictions are imposed subject to any objections Greene might file within the specified time. Greene's motions to proceed without prepayment of the filing fees

9

are denied.  Greene's request to be "exonerate[d]" from filing restrictions in this court, No. 21-1246, Aplt. Br. at 3, is denied as well.

Entered for the Court

Bobby R. Baldock
Circuit Judge